WARREN *v.* STATE OF INDIANA.

[No. 29,636. Filed June 18, 1958.]

5.   Acts 1957, ch. 318.

R. M. *Rhodes*, of Peru, for appellant.

*Edwin K. Steers*, Attorney General, and *Merl M. Wall*, Deputy Attorney General, for appellee.

EMMERT, J.—This is an appeal from a judgment entered on a finding by the court, without the intervention of a jury, that appellant was guilty of the crime of sodomy as charged in an indictment, and that he be imprisoned in the Indiana State Prison not less than two nor more than 14 years and fined in the sum of $100.00. The error assigned here is the overruling of appellant's motion for a new trial. The only cause for a new trial was the ruling of the court in permitting Flora Maxine Barnett, the prosecutrix named in the indictment, to testify concerning the unnatural acts charged before producing a psychiatric examination of the prosecutrix which had been made while she was confined in the Indiana Women's Prison under a sentence for murder in the first degree.

The appellant relies on the case of *Burton v. State* (1953), 232 Ind. 246, 111 N. E. 2d 892. The Burton

case held that where a sex offense was charged, the uncorroborated testimony by a prosecutrix was insufficient to prove an accused guilty beyond a reasonable doubt, unless there had been submitted at the trial psychiatric evidence that the prosecutrix was a credible witness concerning the offense charged.

The Burton case, *supra*, was overruled by *Wedmore* v. *State* (1957), 237 Ind. 212, 143 N. E. 2d 649, with one dissent. As the law now stands there was no error in the court's ruling permitting the prosecutrix to testify as to the acts of sodomy.

But even under *Burton* v. *State* (1953), 232 Ind. 246, 255, 111 N. E. 2d 892, *supra*, this court noted the following exceptions: "By this decision we do not hold that in every case where a sexual offense is charged there should be a psychiatric examination of the prosecutrix. There are many cases where the facts and circumstances leave no doubt of the guilt of the accused, . . . ." If the Burton case were still the law, this conviction should be affirmed, for the testimony of the prosecutrix was corroborated by the confession made by the accused.

At the trial the accused contended he did not understand the confession he was making, and he did not know what the words "per os" meant. Detective Sergeant Kenneth A. Wines of the Indiana State Police Department was recalled as a witness, and he in substance testified that the meaning of the words "per os" was fully explained to the accused on November 3rd. The written confession was executed on November 7, 1955. The trial court weighed this evidence, and was fully justified in finding that the testimony of the prosecutrix was corroborated by the written confession.

Judgment affirmed.

Bobbitt, C. J., Landis, Achor and Arterburn, JJ., concur.

NOTE.—Reported in 151 N. E. 2d 149.